WILSON v MICHIGAN STATE POLICE

Docket No. 78-3938. Submitted June 21, 1979, at Lansing.—Decided October 18, 1979.

Larry T. Wilson, hereinafter plaintiff, brought a tort action against the Michigan State Police and the State of Michigan, jointly and severally, hereinafter defendants. The Court of Claims, Wade Van Valkenburg, J., dismissed plaintiff's complaint on the basis of governmental immunity. Plaintiff appeals, alleging that since the act giving rise to the tort claim concerned the conduct of a state police officer in arresting plaintiff, a ministerial act, governmental immunity would not apply. *Held:*

Governmental agencies, including the Michigan State Police, are immune from tort liability in all cases wherein the governmental agency is engaged in the exercise or discharge of a governmental function.

Affirmed.

TORTS — GOVERNMENTAL AGENCIES — GOVERNMENTAL IMMUNITY — STATUTES.

Governmental agencies are immune from tort liability in all cases wherein the governmental agency is engaged in the exercise or discharge of a governmental function (MCL 691.1407; MSA 3.996[107]).

*Skinner & Gustafson,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Thomas A. Kulick* and *Thomas L. Casey,* Assistants Attorney General, for defendant.

REFERENCES FOR POINTS IN HEADNOTE

[1] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 27.
Nature and status of rule as to municipal immunity from liability for torts. 60 ALR2d 1198.

Before: Cynar, P.J., and MacKenzie and L. W. Corkin,* JJ.

Per Curiam. Plaintiff appeals of right from the Court of Claims dismissal of his complaint on the ground that governmental immunity precluded his claim against the defendants.

Plaintiff claims, on appeal, that governmental immunity would not preclude his tort claim because the act giving rise to the claim concerned the conduct of a state police officer in arresting plaintiff, which, in plaintiff's view, was a ministerial act to which governmental immunity would not apply.

Whether the act of a police officer in making an arrest is ministerial, or discretionary, is not the issue in this case, as the defendants are not governmental officials, but are a governmental agency and the state itself. The applicable Michigan statute, MCL 691.1407; MSA 3.996(107), operates to preclude defendants in the instant case from being liable in tort to plaintiff as long as the conduct that plaintiff alleges defendants were engaged in was "in the exercise or discharge of a governmental function". See *Berger v City of Berkley,* 87 Mich App 361, 368-369; 275 NW2d 2 (1978), *Lee v City of Utica,* 83 Mich App 679, 680-681; 269 NW2d 267 (1978), *Walkowski v Macomb County Sheriff,* 64 Mich App 460, 463; 236 NW2d 516 (1975).

We find that all claimed, actionable conduct of defendants, as alleged in plaintiff's complaint, was conduct involving the exercise or discharge of a governmental function. Therefore, governmental

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

immunity would operate to preclude plaintiff's claim against defendants. The trial court's dismissal of the complaint was correct.

Affirmed.